# W. W. SHERWIN ET AL.
## v.
## STEPHEN LASHER.

LANDLORD AND TENANT—OCCUPANCY RENT FREE—VERDICT AGAINST EVIDENCE.—The verdict is manifestly against the evidence, and the judgment is reversed. A tenant is not bound to pay rent in the absence of an express agreement that he may occupy rent free. If by the terms of the renting and the circumstances existing at the time both parties understood that no rent was to be paid other than care of the property and repairs, that is sufficient to constitute an implied agreement that no other rent is to be paid.

APPEAL from the Circuit Court of Kane county, the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed Nov. 2, 1881.

Messrs. BOTSFORD, BARRY & RUSSELL, for appellants; that defective instructions of an important character are not cured by others not containing the imperfection, cited Quinn v. Donevan, 85 Ill. 194; Ill. Linen Co. v. Hough, 91 Il. 163; Joliet v. Walker, 7 Bradwell, 267.

Where there may be doubt whether substantial justice has been done, each instruction should state the law correctly:

Village of Warren v. Wright, 3 Bradwell 602; Volk v. Roache, 70 Ill. 297; Cushman v. Cogswell, 86 Ill. 62; Evans v. George, 80 Ill. 51; Ogden v. Kirby, 79 Ill. 555; Adams v. Smith, 58 Ill. 417.

Mr. E. S. JOSLYN, for appellee.

LACEY, J.  This was a suit in assumpsit brought by appellee against appellant to recover certain rents for the use and occupation of certain old and dilapidated buildings.  The recovery was for one hundred and fifty dollars, on which judgment was rendered against appellant and for costs of suit.

We think the verdict of the jury was manifestly against the weight of the evidence, and will not go into an extended discussion of it.  The defense made to the appellee's claim for rent was that the buildings were old and out of repair, going to loss and could not be rented at all; that they made application to appellee to occupy them, and that he said he could not rent them and that if they would repair them they might occupy them and that thereupon, they did fix up the buildings at considerable expense and did occupy them for a time; that such occupation was without expectation on either part that they should pay rent other than to care for and repair the buildings.

We think also that the second and third instructions given by the court to the jury for appellee were erroneous, in that they were calculated to mislead the jury.  The jury may have understood from them that the law was that the appellants must pay rent unless there was an express agreement in so many words that no rent was to be paid, when if by the terms of the renting and the circumstance existing at the time both parties understood that no rent was to be paid other than care and attention to the property and repairs, it was all that was necessary to constitute an implied agreement that no other rent was to be paid.

If both parties so understood it at the time appellants went into occupancy, there would be no obligation on part of appellants to pay more rent.

The manner in which the parties treated the matter afterwards would be evidence tending to show the understanding.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.